UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Teko Foli

_____

_____

Write the full name of each plaintiff.

-against-

Metro-North Railroad, Craig Gustavson, John Doe

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

**RECEIVED**
**DEC 0 9 2024**
**PRO SE OFFICE**

_____ CV _____

(Include case number if one has been
assigned)

*Do you want a jury trial?*

☒ Yes    ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Teko | | Foli |
|------|--|------|
| First Name | Middle Initial | Last Name |

1005 Walton Avenue Apt 2B

Street Address

| Bronx | New York | 10452 |
|-------|----------|-------|
| County, City | State | Zip Code |

| (646)316 - 5864 | tfort99@outlook.com |
|-----------------|---------------------|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    **Metro-North Railroad**

Name
420 Lexington Avenue, 11th floor

Address where defendant may be served

| New York | NY | 10170 |
|----------|-----|-------|
| County, City | State | Zip Code |

Defendant 2:    Craig Gustavson

Name
1 Croton - Point Avenue

Address where defendant may be served

| Croton - On - Hudson | NY | 10520 |
|----------------------|-----|-------|
| County, City | State | Zip Code |

Defendant 3:

**John Doe**

Name

Address where defendant may be served

County, City                        State                        Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**Harrisson Yards**

Name

Address

**Harrison**                        **NJ**                        **07029**

County, City                        State                        Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒  race:          See III. B and IV. A and IV. B for explanations

☒  color:         See III. B and IV for explanations

☐  religion:      _____

☐  sex:           _____

☒  national origin:   See III. B and IV for explanations

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is:  **Black** _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

NJLAD, 42 U.S.C. §1981, 1985, 1986, IIED, NIED, tortious interference, Rights to privacy

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me

- ☐ terminated my employment

- ☐ did not promote me

- ☐ did not accommodate my disability

- ☐ provided me with terms and conditions of employment different from those of similar employees

- ☒ retaliated against me

- ☒ harassed me or created a hostile work environment

- ☒ other (specify):    Adversely interfered with employment with KRC, IKOS

  and prospective employers due to previous complaints of discrimination to the NYSDHR

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

1. MTA Metro-North Railroad (Metro-North) is a subsidiary of the Metropolitan Transportation Authority ("MTA").

Metro-North provides commuter rail services on Hudson, Harlem, and New Haven Lines. Metro-North

transports customers to and from New York City and within its northern counties.

The Port Authority Trans-Hudson (PATH) is a rapid transit system in the northeastern New Jersey cities of

Newark, Harrison, Jersey City, and Hoboken, as well as Lower and Midtown Manhattan in New York City.

It is operated as a wholly owned subsidiary of the Port Authority of New York and New Jersey. (See attached

Additional pages titled IV.B. Facts (Continued)).

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    **December 18, 2023**

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☒    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    **September 12, 2024**

When did you receive the Notice?    **September 22, 2024**

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☒    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

Back pay (To be determined at trial), Front wages (To be determined at trial),

Compensatory damages for emotional distress, Punitive damages not less than $2,000.000

## VII.  PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

**Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.**

| 12/01/2024 | | |
|---|---|---|
| **Dated** | | **Plaintiff's Signature** |
| Teko | | FOLI |
| **First Name** | **Middle Initial** | **Last Name** |

| **Street Address** | | |
|---|---|---|
| Bronx | New York | 10452 |
| **County, City** | **State** | **Zip Code** |
| (646)316 - 5864 | tfort99@outlook.com | |
| **Telephone Number** | **Email Address (if available)** | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.

## IV. STATEMENT OF CLAIM (Continued)

### FACTS AND Adverse Employment Actions (Continued)

Ikos Consulting Inc. (IKOS) is a French owned Consulting firm specialized in Railway sector which has an Office in New York City. Kawasaki Rail Car, Inc.

(KRC) office is in Yonkers, New York administer contracts and manage projects. It stands as a 150,000-square-foot hub of creativity and craftsmanship where new rail cars are assembled, old rail cats are overhauled, and testing is conducted.

2.  As a background, Plaintiff is a black male of African origin, with a Master's degree in Electrical Engineering and a professional license (PE) in Engineering. Plaintiff worked for Metro-North for more than 9 years. Plaintiff extensively worked on rail cars as Technical Supervisor, Equipment Engineer and Field Equipment Engineer and provided technical guidance to shop personnel, conducted modification and troubleshooting of rail cars and locomotives. Plaintiff also conducted car inspection among many other activities. Plaintiff was terminated after false accusations were made against him by Metro-North upper management after he made internal complaints of harassment and discrimination against Metro-North co-workers, supervisors, and Metro-North Transportation conductors.

3.  At the time Plaintiff was working for Metro-North, Jeffrey Weston was Chief Mechanical Officer (CMO). Koffi Afko was Director of Maintenance Planning, Quality Control and Technical Support. Craig Gustavson was Director of Equipment Engineering (Maintenance of Equipment). Alexander Bunin was Senior Equipment Engineer and Plaintiff's direct supervisor. Maurice Divers was Deputy Director who reported to Mr. Gustavson. Paul Cheng was promoted in the second half of 2022 to Deputy Director of Equipment Engineering and reported to Mr. Gustavson. Lew Hoens was Deputy Director of Equipment Engineering. Lisa Potthast was a Transportation conductor.

4.  After preventing Plaintiff from joining the Metro-North Maintenance of Equipment Engineering department in 2015, which Plaintiff complained was discriminatory before being allowed to join the Equipment Engineering department, Mr. Gustavson who was responsible for this denial, wanted to know through Plaintiff's co-workers where Plaintiff was willing to work as he was looking for another job. Metro-North transportation conductors started harassing Plaintiff. Assistant conductor Shenna Mackey pointed her finger few inches from Plaintiff's face, expelled Plaintiff from employees' cars, yelled at him in front of passengers and revoked his transportation privileges in March 2021. Plaintiff was disciplined in June 2021 for filing an internal EEO complaint and in November 2021 for using employee cars for his safety. After rebutting the accusations in the disciplinary letters, Mr. Gustavson after stating that upper management sent him to apologize to Plaintiff on behalf of the Railroad later said: "It is only now that the harassment will intensify."

5. Plaintiff complained following further harassment and discrimination against his supervisors and transportation conductors in April 2022 and was internally investigated by Metro-North, falsely accused of drug use, identity theft with immigration issues, lying on his resume, and his information was given to law enforcement based on the false accusations for an illegal background investigation. Mr. Afko sounding very worried asked Plaintiff if he was truly from Africa he claimed to be from. Plaintiff suffered injuries (eyes, etc.) on June 14, 2022 after Metro-North employees searched his work bag daily behind his back. Plaintiff's flashdrives in his work bag were accessed and tampered with. Mr. Divers was saying: Now, you can go back to your Amtrak even though Plaintiff never worked for Amtrak. Mr. Gustavson was staying after work hours to go through Plaintiff's computer files to incriminate Plaintiff and was giving update of the illegal Plaintiff's background check and employment history verification to Plaintiff's co-workers and supervisors in Plaintiff's trailer during the second half of 2022.

6. In August 2022, Mr. Bunin told Plaintiff that MTA Metro-North had very deep pockets in regards to investigation of Plaintiff. During a meeting in October 2022 between Messrs. Gustavson, Divers and Plaintiff, Mr. Gustavson pointed extensively to his eye in reference to Plaintiff's eye injuries which almost caused him to lose his vision, a gesture later imitated by civilians outside of Metro-North. It was similar to the cough civilians were imitating after Plaintiff emailed Mr. Gustavson that he was coughing due to COVID and Mr. Hoens later said: "Cough Cough, I am dying" during a meeting with vendors.

7. In October 2022, as Plaintiff's Metro-North supervisors, due to their monitoring, surveillance and searches, became aware that Plaintiff was thinking about getting another job to his injuries, the hostile work environment and the mental torture he was being subjected, right after Mr. Gustavson had finished speaking to Mr. Cheng next to Plaintiff's cubicle, Mr. Cheng turned around and said to Plaintiff "Do you think you will say, I am out of here and they would let you leave?" to Mr. Gustavson's laughter. Outside of Metro-North, Civilians were imitating the same complaints of imitation Plaintiff made against Metro-North.

8. On January 24, 2023, Plaintiff filed charges of disparate treatment, harassment, hostile work environment, discrimination, and retaliation based on Race, color and national Origin in violation of Title VII of Civil Rights Act of 1964 against Metro-North Railroad, Mr. Gustavson and Ms. Potthast at the New York State Division of Human Rights (NYSDHR). Later that year, Plaintiff filed a discrimination lawsuit under 24-CV-05148 on July 8, 2024. against Metro-North, Mr. Gustavson, Ms. Potthast, Mr. Weston at this Court based on these charges.

9. On March 28, 2023 Plaintiff included the following in his Reply to Respondents (Metro-North, Craig Gustavson and Lisa Potthast) position statement to the NYSDHR investigator: There were episodes of monkey noise, monkey jumps, computer screen background changed to gorilla, and exposed to insults such as "Your ancestors coming

from trees", ridicule based on being African are some of the racial insults I was the subject of before joining Equipment Engineering department. On or about June 6, 2023, Plaintiff was asked by the NYSDHR investigator to provide records of written complaints he made in regards to these allegations. The NYSDHR investigator emailed Respondents these Plaintiff's replies on June 7, 2023.

10. Plaintiff was hired by IKOS on or about April 17, 2023. During the hiring process, he was interviewed by IKOS but also by KRC representatives Patrick J. McKeown, Senior manager of Fields Activities. and Takayoshi Ishigami, Director of Engineering at KRC. He was assigned to work on KRC project with PATH for the commissioning of additional PATH PA5 cars.

11. At the time Plaintiff was assigned to work on KRC projects, John Swift was production manager in charge of the testing and commissioning of the PA5 Additional Cars (PA5-AC). Shalone Jones was Quality Control Supervisor. Daniel Acevedo was newly hired around early July 2023 as Warranty Supervisor. Carmichael James was a Quality Inspector. Philippe Paul was a System Integration Engineer. Julio Belliard was a Function Test Technician. Like Plaintiff, Ms. Jones and Messrs. Acevedo, James, Paul, Belliard all reported to Mr. Swift. Mr. McKeown was Mr. Swift's supervisor.

12. On or about April 24, 2023 – As Plaintiff greeted Mr. Swift, the Production supervisor for the first time on his first day of work, at KRC trailers at Harrisson yards located at Cape May Street, Harrison, NJ. Mr. Swift asked Plaintiff if he had high blood pressure, to which Plaintiff responded in the negative. Mr. Swift then replied that Plaintiff couldn't work there if had high blood pressure because he couldn't climb on trains. Plaintiff linked that to doctor's visits during which his blood pressure would be a little high upon arrival and drop within normal range after seating for a little which the nurses said was normal.

13. This puzzled Plaintiff a little but then Plaintiff made the connection to the ongoing eavesdropping he was the subject of and realized that his employment would have ended had he responded in the affirmative. This question was also a bit surprising because Plaintiff had ten (10) years of work experience with Metro-North and anyone who was technician or Equipment Engineer routinely climbs rail cars not just at Metro-North but on the Railroad Industry.

14. Within the first week after Plaintiff started working, Ms. Jones, started imitating Plaintiff in a similar way to how his co-workers and supervisors in the Metro-North Equipment Engineering department were imitating his gestures, etc. KRC technicians on or about April 28, 2023, after meeting together and on their way out, started laughing and imitating Plaintiff as done at Metro-North. Ms. Jones was saying toward Plaintiff "If that is the case, we're good, we're good. We don't need help. We don't need anyone." and then imitated Plaintiff some more.

15. Mr. Ishigami after Plaintiff told him he was from an African Country asked Plaintiff if he was working in some kind of Transportation company in his home country, just came

to the U.S., started looking for work and was hired by IKOS? This was in contrast with the contents of Plaintiff's resume which Plaintiff discussed with Mr. Ishigami and which showed that Plaintiff graduated from U.S. Colleges with a Bachelor and a Master's degree and worked for Metro-North for about 10 years.

16. The following week, while standing next to the window on the left side of Plaintiff's desk, Mr. Swift called Mr. McKeown and told him that Plaintiff's resume wasn't his, etc. to which Mr. McKeown responded that he personally interviewed Plaintiff before Plaintiff was hired and that Plaintiff did the same type of work at Metro-North as they did at KRC. Then Mr. Swift moved away from the window to continue the discussion with Mr. McKeown.

17. Early May 2023, Mr. Swift showed Plaintiff a business card that he recently received from someone from the Fraud prevention unit. Later that month, Plaintiff heard Ms. Jones saying "Since you didn't go along with what we are doing, you will see". Plaintiff viewed this statement as referring to the harassment through imitation and ridicule that they were doing all the time. The following day, drug search was conducted by PATH Police with their Police dogs (evidently with permission of KRC), not in PATH cars but in KRC cars, on a track specifically assigned to KRC cars. About two (2) weeks later, Mr. Swift while standing next Plaintiff said as PATH police car was passing by: "They don't have their dogs with them today" while laughing at Plaintiff's face.

18. KRC's employees with Mr. Swift leading the way were falsely accusing Plaintiff of identity theft, lying on his resume, etc. similar to the false accusations started at Metro-North by Plaintiff's previous supervisors Mr. Gustavson and others.

19. KRC supervisors were made aware of Plaintiff's EEO complaints against Metro-North and were being continuously told of details of Plaintiff's EEO Metro-North EEO and NYSDHR complaints.

20. Early May 2023, while Plaintiff and KRC employees were in the track 6 office PATH provided to KRC's employees, Ms. Jones after changing her accent to a heavy accent (Plaintiff has a heavy accent), reapetedly said "my boog bag, my book bag, hon hon hon hon (to indicate crying or complaining)" to which Julio was laughing while saying "they accessed to my book bag" and following it with "They are playing with my emotions, they are playing with my feelings, ha ha ha ha". On his way out of the office, he pointed fingers at about few inches from Plaintiff's face and left. Ms. Jones also pointed her fingers extensively and in close proximity to Plaintiff's face as Plaintiff was entering Mr. Swift's office while Messrs. Swift and Ishigami were looking at them. The book bag, eye injuries were all part of Plaintiff's complaint against Metro-North to the NYSDHR. This harassment was quasi continued and organized to span across the entire shift every single day of work till Plaintiff's last day of work.

21. Philippe Paul also pointed his fingers at Plaintiff's face on multiple occasions and pointed extensively to his eyes on multiple occasions as Mr. Gustavson did it. Philipe told Plaintiff close to the end of his contract that he was told Plaintiff had never worked

on a train before. A statement that could only have been made by Metro-North previous supervisors (Mr. Gustavson, etc.)

22. Mr. Carmichael, who was also involved in imitating Plaintiff, after extensively pointing fingers at Plaintiff's face, was saying "If you think, we are going to stop what we are doing because you don't like it? You are mistaken". Mr. Carmichael did that while Mr. Swift was looking in the office Mr. Swift and Plaintiff shared.

23. Plaintiff's KRC supervisors were being falsely told by Metro-North through their employees (Gustavson, etc.) that Plaintiff had never worked on a train equipment and that Plaintiff lied on his resume.

24. Between the weeks of June 13, 2023 and June 20, 2023, while seating in Mr. Swhit's office. Plaintiff heard Mr. swift reading on one of his electronic devices (phone or computer) the section of Plaintiff's reply to Respondents position statement: "There were episodes of monkey noise, monkey jumps, computer screen background changed to gorilla,.........Investigator" as reference in paragraph 8 above, as well as well as other sections of Plaintiff's charge of discrimination with the NYSDHR. Plaintiff shocked turned around to look at Mr. Swift smiled at Plaintiff, turned back and kept reading. Only Mr. Gustavson could have been aware of the contents of the investigation at the time.

25. After the probable cause determination by the NYSDHR around July 30, 2023, Metro-North through Mr. Gustavson, etc. amplified their interference with their false accusations of identity theft and resume contents. Plaintff's prospective employers were also being told that Plaintiff's resume wasn't his or that he lied on his resume which made him lose job opportunities and prevented him from finding a new job.

26. Mr. Swift was arguing throughout Plaintiff's work duration on behalf of Metro-North and also confirmed that Metro-North gave Plaintiff's information to law enforcement for investigation. He was also asking questions about the false accusations that Mr. Gustavson made during Plaintiff's investigation about prior work experience with Amtrak, test run, etc.

27. Ms. Jones and Ms. Miller-Watson were saying: "They come here. They act as if they are not black but now, they are complaining of discrimination." At a time, Plaintiff had yet to file a discrimination lawsuit against Metro-North and didn't tell IKOS or KRC about his charge of discrimination against Metro-North.

28. Mr. Acevedo started working around July 8, 2023. His desk was next to Plaintiff's and he was imitating Plaintiff's gestures while seating next to him and at times while following Plaintiff around.

29. Messrs. Swift, James, Belliard, Paul, Acevedo, and Ms. Jones were among KRC employees who were replicating on a daily basis, complaints made against Metro-North and turned into Metro-North advocates in a way to pressure Plaintiff into dropping the charges of discrimination against Metro-North.

30. Towards the end of July 2023, Ms. Jones was talking about the work files on Plaintiff's flashdrives and Amtrak with Mr. Swift in relation to Plaintiff.

31. Contents of Plaintiff's private conversations were being shared with Plaintiff's co-workers to repeat. Results of Plaintiff's internet searches and results were also given to Plaintiff's co-workers and supervisors while his computer, phone, etc. were being monitored.

32. During the same period, Plaintiff was racially insulted in public crowded places (World Trade Center mall, Train, etc.) by random individuals like "You black face...." on his home from work while walking across the World Trade Center mall, and ".... go back to Africa, we hate you guys" on his way home from work while riding on the MTA No. 4 train, etc.

33. Civilians were instructed to harass and humiliate Plaintiff based on his EEO complaints Plaintiff made against Metro-North to Metro-North's EEO and NYSDHR.

34. The false accusations of drug use, identity theft with immigration issues, lies on resume, etc. made at KRC's workplace were the same false accusations made at Metro-North and which occurred after the illegal background investigation ordered by Metro-North after giving Plaintiff's information to law enforcement/investigation agency. Evidently, only these false accusations could only have originated at Metro-North and the acts that were perpetrated were to prevent Plaintiff from continuing his pending litigations against Metro-North.

35. Plaintiff electronic devices (personal computer, phone, etc.) have been under constant monitoring and whomever he conducted searches in order to contact or visit was contacted ahead of him and whichever job he applied for was also contacted ahead of him.

36. Mr. Ishigami extended Plaintiff's initial 4 months contract to 6 months for good work after Mr. Swift had been trying to prove that Plaintiff's resume wasn't his and asking Mr. Ishigami to give him assignments to test him, but Mr. Swift was always being convinced of the false accusations that were made against Plaintiff by Metro-North and participated to Plaintiff' s background investigation, harassment, encouragement of imitation in morning meetings till the termination of Plaintiff's placement with KRC on September 15, 2023, which also materialized into the termination of Plaintiff's contract with IKOS on October 1, 2023.

37. Plaintiff didn't share any of the information known to KRC employees about Plaintiff with them. Mr. Gustavson and other Metro-North employees as they were the ones who promised that they will continue their retaliatory acts if Plaintiff found another job.

38. Individuals on public street, in stores, etc. were imitating Mr. Gustavson pointing to his eyes. Ms. Mackey pointing her fingers at Plaintiff's face, Plaintiff's cough due COVID, etc.

39. After the NYSDHR probable cause determination, subsequent job Plaintiff interviewed for, turned into background investigations into the false accusations made by Metro-North and Plaintiff's supervisors (Gustavson, etc.) regarding Plaintiff's resume, Amtrak, Citizenship status, etc. As a result of this, Plaintiff lost job opportunities with prospective employers.

40. During the 24 hours continued harassment, Individuals were instructed to imitate Plaintiff by replicating complaints Plaintiff made against Metro-North, stalk him, harm him emotionally. humiliate him, threaten him and harm him physically at various occasions at various locations.

41. When Plaintiff reported KRC employees' behavior to IKOS, Mr. Swift said "You're all by yourself, no one is going to help you"

42. Plaintiff suffered emotional breakdown and emotional injuries as a result of this organized harassment and believes that it was the intended result of the harassment. The harassment was also a way to discourage Plaintiff from pursuing his lawsuits against Metro-North.

43. Plaintiff came to the conclusion this coordinated, continuous, and relentless harassment has been turned into a requirement for him to keep working at KRC. Metro-North false accusations also adversely affected Plaintiff's employment with KRC and IKOS.

44. Plaintiff also noticed that any action Plaintiff took against Metro-North either through his contribution to NYSDHR's investigation since his departure from Metro-North was associated with an intensification of civilians' harassment.

45. Plaintiff filed a Charge of Discrimination with the EEOC on or about December 18, 2023 to address the retaliatory acts he was the subject of after termination by Metro-North. Upon Plaintiff's request for a Notice of Rights to sue letter, EEOC transferred the request to the Civil Rights Division of the United States Department of Justice for issuance.

46. Plaintiff was harassed, discriminated and retaliated against due his complaints against Metro-North Railroad, Mr. Gustavson, and Ms. Potthast filed at the NYSDHR on January 24, 2023, in violation of Title VII of the Civil Rights Act of 1964, New York State Human Rights Law (NYSHRL), New York City Human Rights Law (NYCHRL), and New Jersey Law Against Discrimination (NJLAD). Defendants also violated 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986, Rights to privacy, and committed tortious interference. As a result, Plaintiff suffered from Defendants' Negligent Infliction of Emotional Distress (NIED) and Intentional Infliction of Emotional Distress (IIED).



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

September 12, 2024

Mr. Teko Foli
1005 Walton Ave., 2B
Bronx, NY  10452

Re: EEOC Charge Against Metro-North Railroad, et al.
    No. 520202400950

Dear Mr. Foli:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC

Metro-North Railroad, et al.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

Mr. TEKO FOLI
1005 Walton Avenue, Apt 2B
BRONX, NY 10452

Re:    Mr. TEKO FOLI v. METRO-NORTH RAILROAD
       EEOC Charge Number: 520-2024-00950

Dear Mr. Teko Foli:

The U.S. Equal Employment Opportunity Commission has received your request for a Notice of Right to Sue in the above referenced charge.

Your request has been forwarded to the U.S. Department of Justice (DOJ) for action. That Agency will act on your request and issue the Notice directly to you.

If you have any questions, please call this office at (929) 506-5270.

On Behalf of the Commission:

Digitally Signed By:Yaw Gyebi, Jr.
05/09/2024

Yaw Gyebi, Jr.
District Director

CC:

Jennifer Mustese

Associate Counsel

Metro-North Railroad

420 LEXINGTON AVE, Fl 11

New York, NY 10170

jmustes@mnr.org

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 520-2024-00950 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| I Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. TEKO FOLI | 646-316-5864 | |

Street Address

1005 Walton Avenue, Apt 2B

BRONX, NY 10452

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Metro-North Railroad | 501+ Employees | (212) 340-2504 |

Street Address

420 LEXINGTON AVE

NEW YORK, NY 10170

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| Retaliation | 12/01/2022 | 04/30/2023 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a Male who has worked at the above-named entity most recently as a field equipment engineer since June 20, 2013, until I was terminated in December of 2022.

I believe that I was discriminated against because of my retaliation. The discrimination occurred between December 01, 2022, and April 30, 2023.

Specifically, I was harassed, discriminated and retaliated against due my complaint of harassment, disparate treatment, discrimination and retaliation against Metro-North Railroad, Craig Gustavson, and Lisa Potthast filed at the New York State Division of Human Rights on January 24, 2023. The discrimination occurred on or about 2023-02-01 through Present Changes to Charge of Discrimination.

On or about January of 2023, after filing a complaint of discrimination and retaliation, with the NYSDHR my previous employer through law enforcement has been spreading damaging information to my new employer stating that my resume is not mine, telling my new co-workers of my complaint of discrimination, along with a long list of false accusations that turned me into a persona non grata, etc. I have noticed the same trend as I have been applying for new jobs after being terminated from the other. My direct supervisor was Mr. Alexander Bunin and he had nothing to do

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. TEKO FOLI**<br><br>**12/18/2023**<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br><br>**520-2024-00950** |
|---|---|---|

| **New York State Division Of Human Rights** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

with any discrimination or disparate it was Mr. Craig Gustavson and he was the director of equipment engineering and other people, but I don't have their exact name. I started a new job on April of 2023, and after this took place, I was hired by a consulting agency as a contractor and worked on a contract during that time doing work for the Kawasaki company.

After filing a complaint of discrimination and retaliation, my previous employer through law enforcement has been spreading damaging information to my new employer stating that my resume is not mine, telling my new co-workers of my complaint of discrimination, along with a long list of false accusations that turned me into a persona non grata, etc. I have noticed the same trend as I have been applying for new jobs after being terminated from the other.

Based on the above, I believe I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. TEKO FOLI**<br><br>**12/18/2023**<br><br><div align="right">*Charging Party Signature*</div> | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.