UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/03/2025

TEKO FOLI,

                                    Plaintiff,

               -against-

METRO-NORTH RAILROAD, CRAIG
GUSTVASON, LISA POTTHAST,
JEFFREY WESTON, and JOHN DOE,

                                    Defendants.

Nos. 24-CV-5148 & 24-CV-9355 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Teko Foli ("Plaintiff") commended this action asserting claims, *inter alia*, pursuant to 42 U.S.C. §§ 1985–86, 42 U.S.C. § 1981, 42 U.S.C. § 1983, Title VII of the Civil Rights Act, and New York and New Jersey state law, sounding in discrimination and retaliation against his former employer, Metro-North Railroad ("Metro-North"), and its employees Craig Gustvason, Lisa Potthast, Jeffrey Weston, and John Doe (collectively, the "Defendants"). (24-cv-5148, "Action No. 1.") Plaintiff subsequently commenced a second action asserting similar claims, *inter alia*, after starting employment with his new employer, Ikos Consulting, Inc. ("Ikos Consulting"). (No. 24-cv-9355, "Action No. 2.") Presently before the Court is Plaintiff's motion to consolidate Action No. 2 with Action No. 1.

For the following reasons, Plaintiff's motion to consolidate is GRANTED in part and DENIED in part.

### BACKGROUND

Plaintiff filed his initial Complaint in Action No. 1 on July 8, 2024. (Action No. 1, ECF No. 1.) Plaintiff alleges that he was discriminated and retaliated against by Defendants on the basis of his race and national origin in connection with his employment with Metro-North. (*See*

1

*generally* Action No. 1, ECF No. 1.) Plaintiff subsequently commenced a concurrent lawsuit, Action No. 2, on December 9, 2024. (Action No. 2, ECF No. 1.) In Action No. 2, Plaintiff alleges a retaliation claim against Defendants—primarily Defendants Metro-North and Gustavson—in connection with events occurring after his employment tenure with Metro-North, and continuing during his subsequent employment with Ikos Consulting, an unaffiliated entity. (*Id.*) According to Plaintiff, prior to his termination at Metro-North, Defendants promised to continue their retaliatory acts if Plaintiff found another job. (Action 2, ECF No. 39, Ex. 2 at 13.) Plaintiff also asserts that he would have brought all his claims in a single action but for the 90-day deadline associated with the Notice of Right to Sue issued by the Civil Rights Division of the United States Department of Justice regarding his December 2023 EEOC charge. (Action 2, ECF No. 39 at 1.) Thus, necessitating the filing of a second action.

Plaintiff now moves to consolidate the two actions. (*See* Action 1, ECF No. 46; Action 2, ECF No. 38.) Plaintiff generally asserts that there are common issues of law and fact which warrant consolidation. (*Id*.) Defendants oppose the motion, arguing that the actions should not be consolidated for purposes beyond discovery. (Action 2, ECF No. 40 at 8.) Defendants further contend that they have requested leave of the Court to file motions to dismiss and anticipate that many of the claims, including the entirety of Action No. 2, will likely be discharged. (*Id*. at 2.) Defendants also believe that consolidating the two actions for all purposes, including trial, could create a substantial risk of confusion, prejudice, and inefficiency. (*Id.*)

## DISCUSSION

The Federal Rules of Civil Procedure permit courts to consolidate actions if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Federal Rule of Civil Procedure Rule 42(a) is typically "invoked to expedite trial and eliminate unnecessary repetition and

confusion." *SR Hosp., LLC v. Mt. Hawley Ins. Co*., 2025 WL 2911429, at \*2 (S.D.N.Y. Oct. 14, 2025) (quoting *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). If the court makes such a determination, then the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)*.* The burden to show that consolidation is appropriate falls on the moving party. *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 136 (S.D.N.Y. 2016).

Whether to consolidate is ultimately left to the sound discretion of the court, guided by considerations of "convenience, judicial economy, and cost reduction while ensuring that the 'paramount concern for fairness and an impartial trial' is honored." *Naula v. Rite Aid*, 2010 WL 2399364, at \*4 (S.D.N.Y. March 23, 2010) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)); *see also Stevens v. Hanke*, 2022 WL 489054, at \*2 (S.D.N.Y Feb. 17, 2022) ("Consolidation is warranted where it promotes judicial economy and serves to eliminate the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts.") (internal quotation marks and citations omitted). A court must nevertheless guard against potential prejudice that might occur in the event of consolidation. *CCR International, Inc. v. Elias Group, LLC*, 2018 WL 3135849, at \*3 (S.D.N.Y. June 26, 2018). Ultimately, "[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court [is] to consolidate them under Rule 42(a)." *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (2d Cir. 1984).

Upon reviewing Plaintiff's concurrent actions, the Court finds that consolidation might be warranted. Plaintiff's concurrent actions share many similarities and overlaps, including the same parties and facts. For instance, both actions involve Plaintiff being subject to remarks from parties regarding identity theft with immigration issues, false accusations related to his resume, and racist

3

remarks regarding Plaintiff's nationality. (Action 2, ECF No. 39 at 2.) However, because the two actions involve vastly different time frames, the Court deems it prudent at this time to consolidate the actions for the limited purpose of discovery in order to avoid any potential confusion. Indeed, Defendants concede that consolidation makes sense for the limited purpose of discovery. (Action 2, ECF No. 40 at 6.) Consolidating the two actions for the limited purpose of discovery would prevent duplication, help provide further clarity with respect to Plaintiff's claims, and further the goal of judicial economy.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to consolidate Action No. 1 (24-cv-05148) and Action No. 2 (24-cv-09355) is GRANTED for the limited purpose of discovery. The motion is granted without prejudice to Plaintiff seeking consolidation for all purposes upon completion of discovery.

The Court's previously entered stays in Action No. 1 (24-cv-05148, ECF No. 43) and Action No. 2 (24-cv-09355, ECF No. 35) are deemed vacated. Defendants' application seeking leave of the Court to file a motion to dismiss in Action No. 1 (24-cv-05148) is granted as follows: (1) Defendants motion is to be served (not filed) by January 16, 2026; (2) Plaintiff's opposition is to be served (not filed) by February 17, 2026; and (3) Defendants' reply is to be served on March 9, 2026. Defendants shall file all motion papers, including *pro se* Plaintiff's opposition papers, on the reply date, March 9, 2026. As the motion papers are served, the parties are to mail two hard copies and email an electronic copy to Chambers.

Defendants' application seeking leave of Court to file a motion to dismiss in Action No. 2 (24-cv-09355) is granted as follows: (1) Defendants motion is to be served (not filed) by February 2, 2026; (2) Plaintiff's opposition is to be served (not filed) by March 4, 2026; and (3) Defendants'

reply is to be served on March 19, 2026. Defendants shall file all motion papers, including *pro se* Plaintiff's opposition papers, on the reply date, March 19, 2026. As the motion papers are served, the parties are to mail two hard copies and email an electronic copy to Chambers.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 46 in Action No. 1 (24-cv-05148) and ECF No. 38 in Action No. 2 (24-cv-09355).

SO ORDERED,

Dated: December 3, 2025
      White Plains, NY

Hon. Nelson S. Roman
U.S. District Court Judge, S.D.N.Y.